IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEMBA B. SANGANZA,** | : | **CIVIL NO. 1:20-CV-28** |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CATRICIA HOWARD,**[1] | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Themba Bernard Sanganza ("Sanganza"), a federal inmate confined at the Federal Correctional Institution, Allenwood Medium, in White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief)[2], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

---

[1] Petitioner has named United States Attorney General William Barr, Chief Deputy Attorney General of the District John Doe, and Chief Executive of the Bureau of Prisons Catherine Hawk-Swayer as respondents in this matter. However, in a habeas action, "the proper respondent is the warden of the facility where the [individual] is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Accordingly, the court will direct the Clerk of Court to terminate all respondents except Warden Catricia Howard.

[2] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

I.  **Background**

In August 2016, a grand jury sitting in the Eastern District of Virginia returned a superseding indictment against Sanganza.  See United States v. Sanganza, Civil No. 4:16-cr-50 (E.D. Va. 2016), at Doc. 18.  The superseding indictment charged the following counts: (1) mail fraud; (2) wire fraud; (3) filing false claims; (4) bank fraud; (5) aggravated identity theft; and, (6) criminal forfeiture. (Id.)  In October 2016, Sanganza entered a guilty plea, pursuant to a written plea agreement, to the counts of mail fraud, bank fraud, and aggravated identity theft. Id. at Docs. 26, 28, 30.  On September 11, 2017, Sanganza was sentenced to a term of imprisonment of 168 months and ordered to pay restitution in the total amount of $721,504.13.  Id. at Docs. 78, 80.

In the instant habeas petition, Sanganza challenges his underlying criminal conviction and asserts that he is in custody unlawfully.  (Doc. 1).  For relief, Sanganza requests immediate release from custody.  (Id. at 12).

II. **Discussion**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such

court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). However, § 2255 "in not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Sanganza's present claims fall within the purview of § 2255. It is clear that Sanganza has not pursued a § 2255 motion in the Eastern District of Virginia. See

3

<u>United States v. Sanganza</u>, Civil No. 4:16-cr-50 (E.D. Va. 2016). Sanganza offers no explanation or reasoning as to why a § 2255 motion is inadequate or ineffective. In fact, nothing in the petition speaks to a claim of inadequacy or ineffectiveness, as set forth in 28 U.S.C. § 2255. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Sanganza's recourse lies with a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. Consequently, the instant petition will be dismissed for lack of jurisdiction.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:   May 13, 2020